UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRUSTEES OF THE I.U.P.A.T. DISTRICT COUNCIL #11 HEALTH FUND, ET AL., | : |
| *Plaintiffs*, | : CIVIL CASE NUMBER: |
| v. | : 3:16-cv-854 (VLB) |
| INTEGRATED DESIGN AND CONSTRUCTION, LLC, | : November 21, 2016 |
| *Defendant*. | : |

**MEMORANDUM OF DECISION DENYING PLAINTIFFS'
MOTION FOR RECONSIDERATION [DKT. 15]**

Plaintiffs filed a motion seeking reconsideration of the Court's Order Clarifying the Court's Entry of Default [Dkt. 14]. For the following reasons, Plaintiffs' motion is DENIED.

I.  **Background**

On June 2, 2016, Plaintiffs filed their Complaint [Dkt. 1] against Defendant Integrated Design and Construction, LLC. Summons was returned executed on June 15, 2016, and the deadline for Defendants to file an answer was set for July 6, 2016. [*See* Dkt. 10]. Plaintiffs then filed an Amended Complaint and served it by mail on June 29, 2016. [*See* Dkt. 11]. They filed a Motion for Default Entry on July 25, 2015 [Dkt. 12]. To date, Defendant has neither entered an appearance nor filed an answer.

1

II.  **Legal Standard**

A strict standard applies to motions for reconsideration.  Such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Therefore a motion for reconsideration will be denied where the party merely seeks to re-litigate an issue that has already been decided.  *Id.*  The three major grounds for granting a motion for reconsideration in the Second Circuit are:  (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice.  *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790 (1981)).

III.  **Discussion**

In their motion for reconsideration, Plaintiffs argue that the Court "disregarded the fact that the Plaintiffs properly served the Defendant with the Amended Complaint in accordance with . . . Rule 5(b)(2)(c) of the Federal Rules of Civil Procedure."  However, the Court did not grant entry of default solely as to the original Complaint because Plaintiffs failed to serve the Amended Complaint.

Rather the Court declined to enter default as to the Amended Complaint because the motion was premature.

The Federal Rules of Civil Procedure provide that a defendant must serve an answer "within 21 days after being served with the summons and complaint." *See* Fed. R. Civ. P. 12(A)(i).  A defendant therefore only "fail[s] to plead or otherwise defend" if it does not serve its answer or file a motion to dismiss within 21 days of receiving service of the complaint.  See *id*; Fed. R. Civ. P. 55(a). Plaintiffs correctly state that service became effective "when the Plaintiffs mailed the Amended Complaint to the Defendant on June 29, 2016," [Dkt. 15-1 at 3].  *See* Fed. R. Civ. P. 5(b)(2)(C) ("[S]ervice is complete upon mailing.").  However, "[w]hen a party may or must act within a specified time after service and service is made [by mail], 3 days are added after the period would otherwise expire." Fed. R. Civ. P. 6(d).  Defendant was therefore only required to file a responsive pleading by July 25, 2016.  *See also* Fed. R. Civ. P. 6(1)(C) ("[I]f the last day is a Saturday . . . the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.")  Plaintiffs' July 25, 2016 Motion for Default Entry was filed before Defendant had officially defaulted as to the Amended Complaint.  Consequently, the Court was—and remains—unable to grant

3

Plaintiffs' requested relief.  Plaintiffs' Motion for Reconsideration is therefore DENIED.

IV.    Conclusion

For the foregoing reasons, Plaintiffs' Motion for Reconsideration is DENIED.  Cognizant, however, that Plaintiffs' motion was premature by just one day, and that Defendant still has not appeared in this case, the Court (1) hereby VACATES its Orders Granting Motion for Default Entry 55(a) [Dkt. 13] and Clarifying the Court's Entry of Default [Dkt. 14]; and (2) states that it would entertain a new motion for default entry as to the Amended Complaint.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut:  November 21, 2016